UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY, JR.,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,[1]<br><br>Respondent. | Case No. 22-cv-02613-YGR (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY** |

## I.   BACKGROUND

The following background is taken from the Court's September 26, 2022 Order to Show Cause:

> On April 15, 2022, the Ninth Circuit Court of Appeals transferred petitioner's application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition to this Court after construing it as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1 at 1-2. The Ninth Circuit had denied the application with respect to petitioner's claim that he was denied effective assistance of appellate counsel. *Id.* at 1. However, the Ninth Circuit denied as unnecessary the application with respect to petitioner's challenge to the California Department of Corrections and Rehabilitation's administrative decision to deny his request for the restoration of good conduct credits. *Id.* Upon determining that petitioner "ha[d] not previously filed a [section] 2254 petitioner challenging this decision," the Ninth Circuit concluded that petitioner "may file a habeas petition without obtaining prior authorization." *Id.* at 2. The Ninth Circuit expressed "no opinion as to the merits of [petitioner's] claims or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 [were] satisfied." *Id.* It further stated as follows:

---

[1] Currently, petitioner is participating in the California Department of Corrections and Rehabilitation's (CDCR's) "Male Community Reentry Program," which is a "voluntary program for eligible males who have two years or less of their prison sentence left to serve." *See* https://www.cdcr.ca.gov/rehabilitation/pre-release-community-programs/mcrp/ (last visited June 20, 2023. Participants "serve the end of their sentences in the community, in lieu of confinement in state prison." *Id.* As such, CDCR Secretary Allison has been substituted as respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure because she is now petitioner's custodian. *See* 28 U.S.C. §§ 2242, 2243.

> The Clerk will transfer the application filed at Docket Entry No. 1 to the United States District Court for the Northern District of California, to be processed as a § 2254 petition challenging the denial of custody credit restoration. The petition is deemed filed in the district court on January 10, 2022, the date on which the application was signed. *See Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (assuming petitioner turned his petition over to prison authorities on the day it was signed and applying the mailbox rule); *see also Orona v. United States*, 826 F.3d 1196, 1198-99 (9th Cir. 2016) (AEDPA's statute of limitations period is tolled during pendency of an application).
>
> *Id.*

Dkt. 11 at 1-2. This Court then noted that it was faced with petitioner's section 2254 petition challenging the denial of custody credit restoration. *Id.* at 2 (citing Dkt. 2). The Court found that it did not appear from the face of the petition that it was without merit, and it ordered respondent to show cause why the petition should not be granted. *Id.*

Before the Court is respondent's motion to dismiss the petition for failure to state a federal claim. Dkt. 14 at 3.[2] In the alternative, respondent argues that the petition is also procedurally defaulted, unexhausted, and untimely. *See id.* at 4-7. Petitioner, although granted the opportunity to do so, has not filed an opposition to respondent's motion.[3]

## II.  DISCUSSION

In his petition, petitioner claims that prison officials should have been limited by California Penal Code § 2932(a)(4) to assessing no more than thirty days of credit loss for each of his ten disciplinary violations from January 2012 through August 2015. Dkt. 2 at 6. Section 2932(a)(4) states in part as follows: "Not more than 30 days of credit may be denied or lost for a single act of misconduct defined by regulation as a serious disciplinary offense by the Department of Corrections and Rehabilitation." Cal. Penal Code § 2932(a)(4). Petitioner states as follows:

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[3] The Court notes that petitioner's opposition was due on November 8, 2022. That deadline has passed. Petitioner has neither filed any requests for an extension of time nor otherwise communicated with the Court.

1  "The Petitioner's ten (10) rules violation[] reports should have only resulted in the loss of 30 days credit for each violation, for a total of 300 days credit." Dkt. 2 at 6 (emphasis in original). He adds that the "crux of [his] argument is that the initial deduction of 61 to 90 days of credit for each of his ten (10) rules violation reports was an illegal action under the Fourteenth Amendment of the U.S. Constitution." *Id.*

A state prisoner is only entitled to habeas relief if he is custody in violation of the federal Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 1 (2021). Violations of state law are not remediable on federal habeas review, even if state law was erroneously interpreted or applied. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) ("a 'mere error of state law' is not a denial of due process"); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). "[A]lleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). A federal habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Id*.

Here, petitioner clearly states that his claim concerns prison officials' failure to limit the loss of credit to only thirty days for each violation under state, and *not* federal, law. Dkt. 2 at 7 (Prison officials "did not conform with California Penal Code Section 2932(a)(4) in regards to the petitioner's ten (10) rules violation[] reports . . . .") (emphasis in original). Because petitioner's claim is one for state law error, it must be rejected because the Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle*, 502 U.S. at 67. And, as explained above, petitioner's mere assertion of a due process violation, without more, cannot transform a state law issue into a federal claim. *See Langford*, 110 F.3d at 1389.

Accordingly, the facts alleged in the petition do not give rise to a habeas claim, and thus respondent's motion to dismiss is GRANTED.[4] Dkt. 14.

---

[4] Because the Court has granted respondent's motion to dismiss for failure to state a federal claim, it need not address the alternative arguments that the petition is also procedurally defaulted, unexhausted, and untimely.

### III. CONCLUSION

For the reasons outlined above, respondent's motion to dismiss is GRANTED. Dkt. 14. This action is DISMISSED for failure to state a cognizable claim.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of the Court shall terminate all pending motions and close the file.

This Order terminates Docket No. 14.

IT IS SO ORDERED.

Dated:   June 22, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge